## Armstrong v. General Binding Corp.

*Joseph R. Young,* for plaintiff.

*John J. Maffei,* for defendant.

deFURIA, J., October 26, 1970.—Plaintiff commenced this action in assumpsit against defendant, General Binding Corporation, a foreign corporation, by filing a writ of foreign attachment naming the General Binding Sales Corporation, a wholly-owned subsidiary of defendant, as garnishee.

After plaintiff filed his complaint, defendant filed the preliminary objections which are before us for disposition.

Plaintiff, a former employe of defendant, bases his claim upon his alleged vested interest in defendant's profit sharing plan, whose funds are held by a trustee and administered by a committee.

Defendant raises two issues:

1. Plaintiff failed to include in his action the trustee and the members of the committee, who are indispensable parties.

2. Plaintiff failed to plead a valid cause of action against defendant.

*Are the trustee and the members of the committee of the plan indispensable parties?*

Plaintiff's complaint alleges that:

1. Plaintiff had been an employe of defendant for 11 years;

2. He was a qualified participant in defendant's profit sharing plan;

3. Under the terms of the plan plaintiff had a vested interest in a fixed amount upon termination of his employment;

4. Defendant paid him part of the amount of his vested interest, but still owes him the remainder in the sum of $5,128.78, which defendant refuses to pay.

Plaintiff, who was not in possession of a copy of the plan, attached to his complaint a brochure, given to employes by defendant, which generally explained the basic provisions of the plan.

Defendant's preliminary objections, to which a copy of the plan is attached, raise the issue of indispensable parties by citing various provisions of the plan.

These provisions indicate that the trustee holds and invests the funds coming into the plan; that this fund would pay any judgment plaintiff might obtain, since, once defendant pays over to the trustee contributions made to the plan, defendant has no further interest or claim therein.

However, the plan itself provides that defendant determines the allocation of contributions and the eligibility of participants (Plan, 4.2), and that the trustee may pay out only on the written direction of G. B. C., defendant.

Defendant further points to section 6.8 of the plan as indicating an indispensable party. The exclusive administration of the plan is in the hands of a committee, appointed, as is the trustee, by defendant. This section provides:

"If any participant at the time of the termination of his employment . . . then is or thereafter enters into the employ of or, directly or indirectly, in any capacity, engages in aiding or furthering the business of a competitor of any of the Employer Companies, the Committee in its sole discretion may determine that" the participant's vested interest shall consist only of his own contributions with interest, but the balance shall be forfeited.

Plaintiff is entitled to a strict construction of this section, but any reasonable construction must separate the condition precedent from the operation of the committee's discretion thereon. The condition precedent is the fact of the participant's aiding or furthering

the business of a competitor. The committee has no right to decide this factual question. And, if the committee improperly so assumes, the participant's rights cannot be diminished thereby.

Nonetheless, if plaintiff's claim is against the funds held by the trustee and administered by the committee, the question of the joinder of these parties remains. An essential party is one "so directly interested in the controversy that a final judgment cannot be entered without affecting his interest or a decree made in his absence could not determine the issues between the parties": 2 Anderson Pa. Civ. Pract. 558 §1017.69; Reifsnyder v. Pittsburgh Outdoor Advertising Company, 396 Pa. 320 (1959).

Defendant misconstrues plaintiff's claim. The claim is not upon a trust fund (plan), held by a trustee and administered by a committee. It is against defendant alone predicated upon defendant's liability arising from plaintiff's rights under the plan. The plan, then, is merely the vehicle or basis of plaintiff's claim against his former employer, defendant.

Defendant cannot dissociate itself from the plan. Defendant created, and may dissolve the plan. It appoints, and may remove at will, the trustee and the members of the committee. No linguistic legerdemain can change the fact that it is the plan of the employer. The very first words of the brochure state: "The G.B.C. [defendant] Profit Sharing Plan" is "established for the benefit of all eligible employees . . . Each G.B.C.'er has a clear-cut interest in the Company's profits."

The plan is merely the basis of plaintiff's claim against defendant. If he can show his vested interest to the extent claimed, then defendant is liable to him, and plaintiff need not look to the plan for payment. Nor will any interest of the trustee or the committee

be in the least affected by a judgment in favor of plaintiff.

*Has plaintiff stated a cause of action?*

Once the diversionary and unnecessary problem of the trustee and committee as parties has been eliminated, then the complaint is seen as a claim, contractual in nature, for a fixed sum, against the employer based upon plaintiff's rights under the plan.

While defendant may call upon the plan to pay any judgment against it, this will not change defendant's liability to plaintiff.

If defendant can show that plaintiff does qualify under the terms of the plan, and has no vested interest, then the basis of plaintiff's claim against defendant will crumble and dissolve. These factual issues are for a jury.

### ORDER

And now October 26, 1970, defendant's preliminary objections are refused and dismissed.